UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| BENTON T. JORDAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CAUSE NO. 3:04-CV-647 RM |
| | ) | |
| BRIAN VANWINKLE, *et. al.* | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER AND OPINION**

On November 29, 2004, Benton T. Jordan, a prisoner acting *pro se*, filed this action under 42 U.S.C. § 1983. On April 9, 2005, counsel entered her appearance on behalf of Plaintiff and on June 6, 2005, filed an amended complaint. On June 20, 2005, Defendant Nanna K. Ericsson filed a motion to strike pursuant to Fed. R. Civ. P. 12(f). For the following reasons, this Court **DENIES** Defendant's motion to strike [Doc. No. 39].

**I.   RELEVANT BACKGROUND**

Plaintiff, initially acting *pro se*, filed his complaint on November 29, 2004, alleging violations of the Eighth and Fourteenth Amendments. On April 9, 2005, counsel entered her appearance on behalf of the Plaintiff, and on June 6, 2005, filed an amended complaint against numerous Defendants. In paragraph twenty-four of the amended complaint, Plaintiff alleges that

> All of the above-named defendants were either deliberately indifferent to the serious medical needs of Benton Jordan or acted maliciously and sadistically by spraying Mr. Jordan in the face and eyes at close range when there was no good faith reason to do so.

In addition, in paragraph twenty-six, Plaintiff further alleges that "[t]he actions and inactions of defendants Brian VanWinkle, Dr. Nanna K. Ericsson and Nurse Jane Doe were reckless, sadistic, malicious and deliberately indifferent to the federally protected rights of the plaintiff."

On June 20, 2005, Defendant Nanna Ericsson filed a motion to strike portions of Plaintiff's amended complaint pursuant to Fed. R. Civ. P. 12(f). Specifically, Ericsson requests that this Court strike the words "sadistically" and "sadistic" from paragraphs twenty-four and twenty-six respectively because these words are inflammatory and prejudicial. This Court may rule on Defendant's motion pursuant to its referral order and 28 U.S.C. § 636 (b)(1)(A).

**II.    APPLICABLE LAW AND ANALYSIS**

Under Fed. R. Civ. P. 12(f), a court may strike "from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." "Allegations may be stricken as scandalous if the matter bears no possible relation to the controversy or may cause the objecting party prejudice." Talbot v. Robert Matthews Distributing Co., 961 F.2d 654, 664 (7th Cir. 1992). Whether to strike material under Rule 12(f) is within the discretion of the court. Id.

Defendant alleges that the use of the words "sadistic" and "sadistically" is inflammatory and prejudicial. However, Plaintiff asserts that the use of the word sadistic is directed towards Defendant Brian VanWinkle in an attempt to establish the required standard of conduct. In support of this position, Plaintiff cites Whitley et. al. v. Albers, 475 U.S. 312, 321 (1986), which states that when there is an issue of prison security, the question of whether the Defendant's actions inflicted unnecessary and wanton pain and suffering turns on whether force was applied in a good-faith effort to maintain or restore discipline or "maliciously and sadistically for the purpose of causing harm." Plaintiff contends that Defendant VanWinkle may assert that there was an issue of prison security, which would raise the level of wrongful conduct that Plaintiff must prove to malicious and sadistic. Thus, Plaintiff asserts that this Court should not strike the terms in the complaint.

Plaintiff's use of the word sadistic in the complaint is merely an allegation attempting to establish the necessary conduct by at least one Defendant.  Although this standard may not directly apply to Defendant Ericsson, it may become an issue in regards to at least one Defendant. Aside from asserting that the terms are inflammatory and prejudicial, Defendant has not proven any prejudice that would occur if Plaintiff's amended complaint remained unaltered.  Without some explanation of the alleged prejudice that will result, this Court will not strike the terms in Plaintiff's complaint as they may have some bearing on at least one Defendant named in the respective paragraphs.

### III.    CONCLUSION

For the aforementioned reasons, this Court **DENIES** Defendant's Nanna Ericsson's motion to strike [Doc. No. 39].

**SO ORDERED.**

Dated this 23rd Day of June, 2005.

s/Christopher A. Nuechterlein
Christopher A. Nuechterlein
United States Magistrate Judge