UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| BENTON T. JORDAN, ) | |
| ) | |
| Plaintiff ) | |
| ) | CAUSE NO.  3:04-CV-647 RM |
| v. ) | |
| ) | |
| BRIAN VAN WINKLE, *et al.*, ) | |
| ) | |
| Defendants ) | |

OPINION AND ORDER

Benton Jordan filed this suit under 42 U.S.C. § 1983 alleging, in part, that Brian Van Winkle violated his Eighth Amendment right when Mr. Van Winkle used excessive force against him.[1] On August 5, Mr. Van Winkle moved for summary judgment on this claim, serving Mr. Jordan's counsel by way of electronic service. Because the deadline for a response has now passed, the motion is ripe for ruling.

> [T]he plain language of [FED. R. CIV. P.] 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. In such a situation, there can be "no genuine issue as to any material fact," since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial. The moving party is "entitled to a judgment as a matter of law" because the nonmoving party has failed to make a sufficient

---

[1] While Mr. Van Winkle characterizes Mr. Jordan's amended complaint as only asserting an excessive use of force claim against him, the court cannot do so. Mr. Jordan's amended complaint clearly pleads all causes of action against the collective group of defendants. Because Mr. Van Winkle's motion for summary judgment only asks the court to dismiss the excessive use of force claim, that is the only claim addressed in this order.

>showing on an essential element of her case with respect to which she has the burden of proof.

Celotex v. Catrett, 477 U.S. 317, 322-323 (1986).

Mr. Van Winkle contends that Mr. Jordan's excessive use of force claim cannot proceed because Mr. Jordan failed to exhaust the available administrative remedies in a timely fashion. The Prison Litigation Reform Act of 1995 ("PLRA") states that "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Exhausting administrative remedies requires a prisoner to follow the procedures of, and take all steps prescribed by, the prison's grievance system. Ford v. Johnson, 362 F.3d 395, 397 (7th Cir. 2004); *see also* Riccardo v. Rausch, 375 F.3d 521, 523-524 (7th Cir. 2004) ("Prisoners must follow state rules about the time and content of grievances. Failure to do this means failure to use (and thus to exhaust) available remedies."), *cert. denied,* 125 S. Ct. 1589 (2005). Failure to fulfil this condition requires dismissal of the prisoner's underlying claim. Barnes v. Briley, 420 F.3d 673, 677 (7th Cir. 2005).

Unrebutted evidence shows that the Miami Correctional Facility has (and had in place during the relevant time for this lawsuit) a five-step grievance process to address prisoner's grievances about excessive use of force. This grievance process requires a prisoner to file an initial grievance within forty-eight hours of

2

the underlying incident. An untimely filing results in the dismissal of the prisoner's grievance, and bars the prisoner from completing the required five-step grievance process. The uncontested facts show that Mr. Jordan filed his initial grievance more than a month after Mr. Van Winkle's alleged use of excessive force, his initial grievance was rejected as untimely, and he didn't complete the five-steps of the grievance process. Thus, Mr. Jordan cannot show he exhausted the available administrative remedies, and he cannot meet the conditions required by the PLRA to bring his excessive use of force claim. His claim cannot succeed.

For the reasons stated above, the court GRANTS the motion for summary judgment [Doc. No. 59] on the excessive use of force claim. Pursuant to <u>Ford v. Johnson</u>, 362 F.3d 395 (7th Cir. 2004), this judgment entitles Mr. Van Winkle only to a dismissal of the claim without prejudice. Mr. Jordan's remaining claims against Mr. Van Winkle remain.

SO ORDERED.

ENTERED: <u>October 14, 2005</u>

/s/ Robert L. Miller, Jr.
Chief Judge
United States District Court

cc: Counsel of record
   B. Jordan