UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| BENTON T. JORDAN, ) | |
| ) | |
| Plaintiff ) | |
| ) | CAUSE NO.  3:04-CV-647RM |
| v. ) | |
| ) | |
| BRIAN VAN WINKLE, *et al.*, ) | |
| ) | |
| Defendants ) | |

OPINION AND ORDER

On October 14, 2005, the court granted Brian Van Winkle's motion for summary judgment on Benton Jordan's excessive use of force claim, a motion to which Mr. Jordan had not responded at the time of ruling. The following day, Mr. Jordan moved the court to reconsider this order because of a purported misunderstanding of the court's August 15, 2005 scheduling order. For the following reasons, the court denies Mr. Jordan's request.

As noted by Mr. Van Winkle's counsel, this motion is best construed under FED. R. CIV. P. 60(b)(1), rather than one under FED. R. CIV. P. 59(e). Thus, Mr. Jordan may receive relief from the court's order only if he can show his (or his counsel's) failure to respond to Mr. Van Winkle's summary judgment motion was due to "mistake, inadvertence, surprise, or excusable neglect." FED. R. CIV. P. 60(b)(1); *see also* Castro v. Board of Educ. of Chicago, 214 F.3d 932, 935 (7th Cir. 2000). Whether the court should grant this extraordinary relief is an equitable decision, United States v. Brown, 133 F.3d 993, 996 (7th Cir. 1998), and when

making that decision the court considers all relevant circumstances surrounding the party's omission. Id.

Mr. Jordan puts forth only one ground upon which the court should grant relief — that, by way of his counsel, he was under the belief that the deadline for responding to Mr. Van Winkle's pending summary judgment motion was extended at the August 15, 2005 scheduling conference. The record, however, shows that Mr. Van Winkle's summary judgment motion was pending at the time of the scheduling conference, and nothing ordered by the court altered the briefing schedule already in place. Rather, the August 15 scheduling order relied upon by Mr. Jordan applies only to all "fully briefed dispositive motions," and not to already pending motions under the traditional briefing schedule. The court cannot grant Mr. Jordan's motion based solely on this misunderstanding.

However, the court understands that Mr. Jordan's counsel is somewhat limited in her motion for reconsideration because the discovery period has not yet concluded, and thus even with due diligence Mr. Jordan may not yet have (nor had at the time of Mr. Van Winkle's summary judgment motion) access to the evidence required to thwart summary judgment at the time of Mr. Van Winkle's motion. Thus, it seems just and equitable to allow one exception to this order — if upon completion of discovery, the evidence shows that Mr. Jordan did, in fact, exhaust all his administrative remedies in pursuing his excessive use of force claim against Mr. Van Winkle, the court shall entertain another reconsideration motion on this issue under Rule 60(b)(2).

Therefore, the court DENIES Mr. Jordan's motion for reconsideration [Doc. No. 69], with leave to re-file only if appropriate. As it stands now, any claim against Mr. Van Winkle arising from an alleged Eighth Amendment violation for excessive use of force in the second amended complaint is hereby DISMISSED in accordance with the court's October 14, 2005 order [Doc. No. 68].

SO ORDERED.

ENTERED: <u>January 5, 2006</u>

<u>/s/  Robert  L.  Miller,  Jr.</u>
Chief Judge
United States District Court

cc:   Counsel of record