UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| BENTON T. JORDAN, | ) |
| Plaintiff | ) |
| | ) CAUSE NO.  3:04-CV-647 RM |
| v. | ) |
| BRIAN VAN WINKLE, *et al.*, | ) |
| Defendants | ) |

OPINION AND ORDER

On August 29, 2005, Prison Health Services, Inc. moved the court to dismiss the complaint against for failing to plead a set of facts upon which relief can be granted. On December 9, the court granted Mr. Jordan's motion to amend the complaint. Because the operative facts and law asserted against Prison Health Services were not changed, the court treats the motion to dismiss as being asserted against the second amended complaint. For the following reasons, the court denies the motion to dismiss.

"Complaints initiate the litigation but need not cover everything necessary for the plaintiff to win; factual details and legal arguments come later. A complaint suffices if any facts consistent with its allegations, and showing entitlement to prevail, could be established by affidavit or testimony at trial." Doe v. Smith, 429 F.3d 706, 708 (7th Cir. 2005). A Rule 12(b)(6) motion to dismiss challenges the sufficiency of the complaint, not its underlying merits, *see* Gibson v. City of Chicago, 910 F.2d 1510, 1520 (7th Cir. 1990), and the court must accept all factual allegations in the complaint as true and draw all reasonable inferences

from those facts in favor of the plaintiffs. Slaney v. Int'l Amateur Athletic Fed'n., 244 F.3d 580, 597 (7th Cir. 2001). Dismissal under Rule 12(b)(6) is proper only if it appears beyond doubt that the plaintiff can prove no set of facts entitling him to relief, Szumny v. American Gen. Fin., 246 F.3d 1065, 1067 (7th Cir. 2001), and the defendant bears the burden of showing the plaintiff has failed to allege a claim upon which relief can be granted. Brown v. Budz, 398 F.3d 904, 914 (7th Cir. 2005).

Prison Health Services attacks the complaint because it doesn't include the requisite facts to establish liability for a deliberately indifferent policy or custom and because, ultimately, Mr. Jordan can't prevail on his claims. Prison Health Services demands more of the complaint than do the Federal Rules of Civil Procedure. Rule 8 does not require a complaint to include "the facts or the elements of a claim." Walker v. Thompson, 288 F.3d 1005, 1007 (7th Cir. 2002); *see also* FED. R. CIV. P. 8(a)(2). Prison Health Services has not presented any law or argument that *per se* bars Mr. Jordan's claims against it.

Therefore, it does not appear beyond doubt that the Mr. Jordan could not prove a set of facts that would entitle him to relief under the complaint. Prison Health Services, Inc.'s motion to dismiss the complaint is DENIED.[Doc. No. 64].

SO ORDERED.


ENTERED: January 12, 2006

                                      /s/  Robert  L.  Miller,  Jr.
                                      Chief Judge
                                      United States District Court

cc:    Counsel of record