UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| BENTON T. JORDAN, ) | |
| ) | |
| Plaintiff ) | |
| ) | CAUSE NO.  3:04-CV-647 RM |
| v. ) | |
| ) | |
| BRIAN VAN WINKLE, *et al.*, ) | |
| ) | |
| Defendants ) | |

OPINION AND ORDER

This order arises from a complex procedural background. On October 14, 2005, the court granted Mr. Brian Van Winkle's motion for summary judgment on Mr. Jordan's excessive use of force claim, a motion Mr. Jordan had not responded to at the time of ruling. The following day, Mr. Jordan moved the court to reconsider this order, which the court denied with leave to re-file (pursuant to Rule 60(b)(2)) only if the evidence showed that Mr. Jordan did, in fact, exhaust all his administrative remedies in pursuing his excessive use of force claim against Mr. Van Winkle. Before the deadline for filing fully-briefed dispositive motions (April 3), but after certain defendants served Mr. Jordan with their respective summary judgment motions, Mr. Jordan filed a motion entitled (on the docket) "Motion for Reconsideration of Court's order and Brief in Opposition to Defendant Van Winkle's Motion for Summary Judgment."

At first blush, it seems Mr. Jordan has merely filed with the court his response to the summary judgment motion served to him by Mr. Van Winkle, Mr. VanNatta, and Mr. Knight on February 21, rather than filing it as a part of a fully

briefed summary judgment packet. If such was the case, the court finds no harm in allowing this filing to remain on the docket and be re-filed as part of the summary judgment packet due on or by April 3.

Insofar as Mr. Jordan's response to Mr. Van Winkle's summary judgment motion has requested this court to reconsider its October 14, 2005 order, Mr. Van Winkle can adequately address this request in his reply (to be filed as part of the fully briefed summary judgment packet).[1]

SO ORDERED.

ENTERED:  March 17, 2006

       /s/ Robert L. Miller, Jr.
Robert L. Miller, Jr., Chief Judge
United States District Court

cc:    Counsel of record

---

[1] If Mr. Jordan intended his March 2 filing to be construed as an independent motion for reconsideration, rather than a response to be included in a fully briefed summary judgment packet, he has five days from the date of this order to notify the court and explain why such a motion should be independently entertained in light of its obvious impact on the dispositive motion deadline.