```
                    UNITED STATES DISTRICT COURT
                    NORTHERN DISTRICT OF INDIANA
                         SOUTH BEND DIVISION
```

BENTON T. JORDAN,             )
                              )
        Plaintiff             )
                              )        CAUSE NO.  3:04-CV-647 RM
    v.                        )
                              )
BRIAN VANWINKLE, *et al.*,    )
                              )
        Defendants            )

## OPINION AND ORDER

This matter comes before the court on two summary judgment motions, a motion to reconsider, and to address the court's show cause order of March 26. For the following reasons, the court grants the pending motions for summary judgment; grants the motion to reconsider the motion for summary judgment, which results in the reinstatement of the claim of excessive use of force against Officer VanWinkle; and dismisses Dale Gebhart pursuant to FED. R. CIV. P. 4(m).

### SUMMARY JUDGMENT MOTIONS

First, two motions for summary judgment pend, made respectively by Officer VanWinkle, Mr. Vannatta, Mr. Knight, Dr. Ericsson, Prison Health Services, Inc. and Mr. Barr on all remaining claims against them (excluding the claim against Mr. VanWinkle for excessive use of force that is subject to the motion for reconsideration).

The following facts are taken in the light most favorable to the plaintiff. Benton Jordan alleges that on or about June 28, 2003, as he stood in the

walkway in front of his cell, he became involved in a minor altercation with another inmate. When correctional officers began to approach the inmates, the altercation ended. Even though Mr. Jordan was standing peacefully on the walkway outside his cell, Officer VanWinkle walked up behind him, and with no warning or provocation, slammed and pinned Mr. Jordan against the walkway railing. Officer VanWinkle then placed a canister of chemical mace against the back of Mr. Jordan's head and began spraying Mace in Mr. Jordan's face, resulting in a prolonged spraying of mace into Mr. Jordan's eye. As this occurred, Mr. Jordan was pinned against the walkway railing, rendering him unable to shield his eyes, and unsuccessfully begged Officer VanWinkle to stop spraying. The spraying of the mace caused severe chemical burns to his face, debilitating headaches, earaches, irritation to both eyes causing them to swell shut, and a loss of vision in his right eye.

   Mr. Jordan further alleges that he was placed in the care of Dr. Nanna K. Ericsson and Dale Gebhart, R.N., who treated him for his medical conditions. Mr. Jordan claims that the actions and inactions of Officer VanWinkle, Dr. Ericcson, and Nurse Gebhardt were reckless, sadistic, malicious, and deliberately indifferent to Mr. Jordan's constitutional rights. Mr. Jordan also asserts the customs and policies of Mr. Chad Barr, Prison Health Services, Inc., Mr. John Vannatta, and Mr. Stanley Knight were causally responsible for the deprivation of Mr. Jordan's constitutional rights. Finally, Mr. Jordan claims all the defendants were negligent in their medical care of him.

> [T]he plain language of [FED. R. CIV. P.] 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. In such a situation, there can be "no genuine issue as to any material fact," since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial. The moving party is "entitled to a judgment as a matter of law" because the nonmoving party has failed to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof.

Celotex v. Catrett, 477 U.S. 317, 322-23 (1986);

In their summary judgment motion, Dr. Ericsson, Mr. Barr and Prison Health Services, Inc. state they didn't participate personally in restraining Mr. Jordan, and so could not have used excessive use of force on him; they weren't deliberately indifferent to Mr. Jordan's medical needs because they provided adequate care under the circumstances; they didn't act negligently in the provision of medical care of Mr. Jordan or cause any alleged injury to Mr. Jordan; and they couldn't have violated Mr. Jordan's Fourteenth Amendment rights as a matter of law. Mr. Barr and Prison Health Services, Inc. independently state that at no time have either had a custom or policy that constitutes deliberate indifference to Mr. Jordan's (or any prisoner's) constitutional rights, and Mr. Jordan's failure to identify any such policy or custom is fatal to his claim. Mr. Jordan doesn't oppose the motion on the issue of deliberate indifference and doesn't respond the remaining arguments.

In their summary judgment motion, Officer VanWinkle, Mr. Vannatta, and Mr. Knight state: they were not indifferent to Mr. Jordan's medical needs because they were not personally involved in providing Mr. Jordan's medical treatment; they could not, as a matter of law, have violated Mr. Jordan's Eighth and Fourteenth Amendment rights as he alleges in the complaint; and they are not liable for any state law negligence claim because they did not cause the alleged injury, and regardless, they are immune from suit because Mr. Jordan did not file a tort notice claim pursuant to IND. CODE § 34-13-3-5. Again, in response to these arguments Mr. Jordan does not oppose the motion on the issue of deliberate indifference and does not address any of the remaining arguments.

It is important to note that

> [w]hen a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.

Rule 56(e). The defendants move for summary judgment on all remaining claims contained in Mr. Jordan's complaint and support their motions with competent testimonial and documentary evidence. As noted in Rule 56, if a plaintiff opposes summary judgment on a particular issue, that party "must inform the trial judge of the reasons, legal or factual, why summary judgment should not be entered." Russell v. Harms, 397 F.3d 458, 465-466 (7th Cir. 2005) (quoting Sanders v. Village of Dixmoor, 178 F.3d 869, 870 (7th Cir. 1999)). For "[i]t is not this court's

4

responsibility to research and construct the [plaintiff's] arguments,"<u>APS Sports Collectibles, Inc. v. Sports Time, Inc.</u>, 299 F.3d 624, 631 (7th Cir. 2002), especially when the defendants have construed his complaint in a particular manner and appropriately moved for summary judgment on the claims alleged in the complaint. <u>Johnson v. Cambridge Indus., Inc.</u>, 325 F.3d 892, 901 (7th Cir. 2003) ("As we have said before, summary judgment 'is the 'put up or shut up' moment in a lawsuit, when a party must show what evidence it has that would convince a trier of fact to accept its version of events.'"). For these reasons, the court grants the defendants' motions for summary judgment without further analysis. FED. R. CIV. P. 56(e).

### FED. R. CIV. P. 4(M) ORDER

On March 29, the court ordered Mr. Jordan to show cause as to why Dale Gebhardt should not be dismissed from this case pursuant to Rule 4(m). No good cause has been shown to date, and the court finds it proper to dismiss Mr. Gebhardt from this action for lack of compliance with Rule 4.

### FED. R. CIV. P. 60(b)(2)

As to Mr. Jordan's motion for reconsideration under Rule 60(b)(2), the court previously acknowledged

> that Mr. Jordan's counsel is somewhat limited in her motion for reconsideration [of the court's October 14, 2005 order] because the discovery period has not yet concluded, and thus even with due

5

> diligence Mr. Jordan may not yet have (nor had at the time of Mr. Van Winkle's summary judgment motion) access to the evidence required to thwart summary judgment at the time of Mr. VanWinkle's motion. Thus, it seems just and equitable to allow one exception to this order — if upon completion of discovery, the evidence shows that Mr. Jordan did, in fact, exhaust all his administrative remedies in pursuing his excessive use of force claim against Mr. VanWinkle, the court shall entertain another reconsideration motion on this issue under Rule 60(b)(2).

Court's Jan. 5 Opinion and Order at 2.

At the close of the discovery period, Mr. Jordan again moved the court to reconsider its October 14 order because his (and his counsel's) due diligence uncovered evidence showing he did, in fact, exhaust his available administrative remedies with regards to the excessive use of force claim against Officer VanWinkle. Officer VanWinkle argues that Mr. Jordan cannot meet his burden to reopen this issue because the evidence that the Rule 60(b)(2) motion relies upon is not "newly discovered" and is not enough to alter the outcome of the October 14 order.

Rule 60(b)(2) allows relief from an order based if such relief is just and is based on "newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b)." Id. Relief under this rule "is an extraordinary remedy that is to be granted only in exceptional circumstances." Jones v. Lincoln Elec. Co., 188 F.3d 709, 732 (7th Cir. 1999). The parties disagree as to what Mr. Jordan must prove to show that it would be just to grant the relief he seeks. Officer VanWinkle argues the court must apply the multi-pronged test stated in United States v. McGaughey, 977 F.2d 1067, 1075

6

(7th Cir. 1992), but that test applies to Rule 60(b)(2) motions for relief from a final judgment. The October 14 order granting summary judgment on the single claim of excessive use of force against one defendant could not serve as a final judgment because no order made it so pursuant to Rule 54(b).

While the court will not hold Mr. Jordan's motion to the strict requirements as if he were requesting a new trial, he still must show that granting the relief he seeks would be just and extraordinary. Neither party articulates exactly what is needed to show this, but since Mr. Jordan's motion asks this court to reexamine the issue of whether he exhausted his administrative remedies the court shall apply the doctrine of the "law of the case." Under this doctrine, the court may "depart from a prior holding if convinced that it is clearly erroneous and would work a manifest injustice." Arizona v. California, 460 U.S. 605, 618 n.8. (1983); Starcon Int., Inc. v. National Labor Relations Bd. 450 F.3d 276, 278 (7th Cir. 2006). Applying this standard to the Rule 60(b)(2) motion before it, the court will only reconsider its October 14 order if, in light of the newly discovered evidence, it was clearly erroneous and to let it stand would produce a manifest injustice.

The October 14 order granted summary judgment on Mr. Jordan's excessive use of force claim because:

> the unrebutted evidence shows that the Miami Correctional Facility has (and had in place during the relevant time for this lawsuit) a five-step grievance process to address prisoner's grievances about excessive use of force. This grievance process requires an offender to file an initial grievance within forty-eight hours of the underlying incident. An untimely filing results in the dismissal of the offender's grievance, and bars the offender from completing the required five-

7

> step grievance process. The uncontested facts show that Mr. Jordan filed his initial grievance over a month after Officer VanWinkle's alleged use of excessive force, his initial grievance was rejected as untimely, and he did not complete the five-steps of the grievance process. Thus, Mr. Jordan cannot show he exhausted the available administrative remedies, and he cannot meet the conditions required by the PLRA to bring his excessive use of force claim.

Court's Oct. 14, 2005, Opinion and Order at pp. 2-3.

The record relied upon by the court in the October 14 order consisted of the following: Ms. Amy Clark's affidavit, which stated she reviewed Mr. Jordan's grievances and determined they were untimely; a copy of the Operational Procedures for the Grievance Process; and Mr. Jordan's August 3 grievance form. The record before the court now contains Ms. Clark's deposition testimony that acknowledges Mr. Jordan could have orally requested a grievance form because there is essentially an unwritten policy to accommodate such oral requests. This testimonial evidence is crucial to the exhaustion issue because Mr. Jordan claims he unsuccessfully requested a Step 1 grievance form continually from the date of the incident until he received the form on August 1.

To let stand the October 14, 2005 order, which relied heavily on Ms. Clark's uncontested affidavit would be clearly erroneous and result in a manifest injustice in light of the new evidence because it alters the outcome of the October 14 order. For these reasons, the court grants Mr. Jordan's motion for reconsideration.

At the March 28 status/scheduling conference, the court notified all parties that if the event the motion for reconsideration were granted, the court would resolve the summary judgment issue without re-opening the briefing process, and

so the court turns to the merits of the August 5 motion for summary judgment in light of the current record. Officer VanWinkle moves for summary judgment on Mr. Jordan's excessive use of force claim because Mr. Jordan failed to exhaust his administrative remedies. Mr. Jordan responds that starting on June 28, he orally requested a Step 1 grievance form, but did not receive it until August 1.

Prisoners must utilize any available prison grievance procedure before they may file a § 1983 claim regarding conditions of confinement. 42 U.S.C. § 1997e(a); Booth v. Churner, 532 U.S. 731 (2001); Perez v. Wisconsin Dept. of Corrections, 182 F.3d 532, 537 (7th Cir. 1999). Section 1997e "applies to 'all inmate suits, whether they involve general conditions or particular episodes, and whether they allege excessive force or some other wrong.'" Dixon v. Page, 291 F.3d 485, 488 (7th Cir. 2002) (quoting Porter v. Nussle, 534 U.S. 516, 122 (2002)). Exhaustion of administrative remedies "is an affirmative defense that the defendants have the burden of pleading and proving." Brengettcy v. Horton, 423 F.3d 674, 682 (7th Cir. 2006) (citations and quotations omitted)."Prison officials may not take unfair advantage of the exhaustion requirement, however, and a remedy becomes 'unavailable' if prison employees do not respond to a properly filed grievance or otherwise use affirmative misconduct to prevent a prisoner from exhausting." Dole v. Chandler, 438 F.3d 804, 809 (7th Cir. 2006).

When viewed in the light most favorable to Mr. Jordan, the record indicates that during Mr. Jordan's time in the segregation unit, he was unable to physically obtain a Step 1 grievance form. When he attempted to obtain a timely grievance

9

form by way of oral request, his requests went unfulfilled until August 1. Once he obtained and filed the Step 1 grievance form on August 3, that written grievance was rejected as untimely. According to Ms. Clark's deposition, prison officials typically provide Step 1 grievance forms by way of oral request, and so evidence of prison officials' refusal to provide him with such a form until after the time frame allowed would, if credited (as it must be at the summary judgment stage), constitute affirmative misconduct. If, as a reasonable jury could find, Mr. Jordan's attempts to exhaust were frustrated by prison officials' misconduct, Officer VanWinkle cannot rely on the exhaustion doctrine. Dole v. Chandler, 438 F.3d at 809.

    For the reasons stated above, the court GRANTS the motions for summary judgment on all claims asserted against Mr. Vannatta, Mr. Knight, Dr. Ericsson, and Mr. Barr and all claims against Officer VanWinkle EXCEPT the excessive use of force claim [Doc Nos. 100 & 103], which is reinstated by way of the court GRANTING Mr. Jordan's motion for reconsideration [Doc Nos. 92]. Upon reconsideration, the court MODIFIES its October 14 order, and DENIES the defendant's motion for summary judgment for the reasons stated in this opinion. Finally, the court DISMISSES Mr. Gebhardt from this action pursuant to Rule 4(m).

    The scheduling order in place at the time the August 5 motion for summary judgment was filed allowed for bifurcated dispositive motions. Therefore, the court will entertain a motion for leave to file a summary judgment motion on the merits

10

of Mr. Jordan's sole remaining claim of excessive use of force against Officer VanWinkle, provided such a motion addresses how the new briefing schedule would impact the current trial date and is filed within fifteen days of the entry of this order.

    SO ORDERED.

    ENTERED: <u>September 5, 2006</u>

<u>/s/  Robert  L.  Miller,  Jr.</u>
Chief Judge
United States District Court