UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| BENTON T. JORDAN, | ) |
| | ) |
| Plaintiff | ) |
| | ) |
| vs. | )   CAUSE NO. 3:04-CV-647RM |
| | ) |
| BRIAN VAN WINKLE, | ) |
| | ) |
| Defendant | ) |

OPINION AND ORDER

The record of these proceedings will not be remembered fondly as a model of deadlines or communication. The case is scheduled for trial on October 30 and for a final pretrial conference on October 12. Two pending motions would affect those settings. Defendant Brian Van Winkle has filed a motion for reconsideration — the third reconsideration motion this case has seen — of the denial of his summary judgment motion, and plaintiff Benton Jordan has filed a motion for additional time in which to submit his contributions to the pretrial order. For the reasons that follow, the court grants the defendant's motion and denies the plaintiff's motion as moot.

This case has seen two amended complaints and a variety of defendants come and go. At this point, the sole remaining claim for resolution is Mr. Jordan's claim under 42 U.S.C. § 1983 against Mr. Van Winkle for the use of excessive force in violation of the Eighth Amendment. In the interest of simplicity, the court omits reference to the other claims and defendants.

In April 2005, the court set July 8, 2005 as the deadline for dispositive

motions based on the exhaustion of administrative remedies. *See* FED. R. CIV. P. 16(b). After that deadline was extended on Mr. Van Winkle's motion, Mr. Van Winkle filed his motion for summary judgment based on exhaustion grounds on August 5. A week later, the court set April 3, 2006 as the deadline for other dispositive motions.

Mr. Jordan did not respond to Mr. Van Winkle's motion within the time allowed for response under the district's rules. On October 14, 2005, the court granted Mr. Van Winkle's summary judgment motion. The following day, Mr. Jordan moved to reconsider, explaining that he believed the April 3 dispositive motion deadline had effectively extended the time for response to Mr. Van Winkle's motion. The court denied the motion to reconsider, but indicated that if discovery (which was not yet complete) disclosed that Mr. Jordan had exhausted his administrative remedies on his claim against Mr. Van Winkle, the court would allow Mr. Jordan to renew his reconsideration motion.

After discovery closed, Mr. Jordan filed a combined renewed motion to reconsider and response to Mr. Van Winkle's summary judgment motion. Mr. Van Winkle responded, but essentially argued only the inadequacy of the motion to reconsider under FED. R. CIV. P. 60(b). On September 5, the court granted Mr. Jordan's motion to reconsider, vacated the earlier summary judgment order, found a genuine issue of material fact on the exhaustion issue, and denied Mr. Van Winkle's motion for summary judgment on the excessive force claim.

So it became Mr. Van Winkle's turn to seek reconsideration, and he has

2

done so. He argues that the court should not have denied summary judgment because the evidence that creates an issue of material fact is hearsay. The court ordinarily would deny such a reconsideration motion because the time for motions to strike inadmissible material in a summary judgment record is before the court rules. Mr. Van Winkle says he raised the argument in his response to Mr. Jordan's second reconsideration motion, but the court cannot agree. In that response, Mr. Van Winkle said, "It is interesting to note that the plaintiff fails to submit any affidavit or declaration based upon his own knowledge to show that he was unable to obtain these forms. He relies upon statements contained in grievance forms submitted in 2003." Noting an interesting fact is not a motion to strike; comment on the lack of an affidavit from the plaintiff does not suggest that everything else is hearsay.

For two reasons, though, fairness demands that the court grant Mr. Van Winkle's reconsideration motion. The first reason is simple even-handedness — a concern that occasionally is, but should not be, overlooked. *See* Rice v. City of Chicago, 333 F.3d 780, 784 (7th Cir. 2003). When faced with Mr. Jordan's second reconsideration motion, the court applied the legal standards generously, because the court preferred that a procedural misunderstanding not become outcome-determinative. Even-handedness requires the court to approach Mr. Van Winkle's motion with no less generous a spirit.

The second reason magnifies the concern for even-handedness: it appears that the same sort of procedural misunderstanding may have contributed to the

3

need for a reconsideration motion. Although it didn't seem so at the time of the ruling, today's review of Mr. Van Winkle's response to the second reconsideration motion strongly suggests that it was written with the thought that another opportunity would precede ruling on the summary judgment motion, were the original ruling set aside. The response was devoted almost entirely to discussion of the Rule 60(b) standards. Whether Mr. Jordan's submission disclosed a triable fact was simply mentioned in passing.

Mention of procedural misunderstandings on each side should not be taken as harsh criticism of either counsel. This case began with a pro se complaint. When counsel came aboard for the plaintiff, she tried to steer the case into a position appropriate for trial. Unfortunately, during that time, the court has not expressed its expectations well, whether those expectations had to do with briefing summary judgment motions or briefing motions to reconsider. Again, the court prefers to reach the merits of the case rather than to risk its resolution through procedural mis-steps, particularly when the court's own poverty of communication may have played a role in those mis-steps. Accordingly, the court turns to the merits of Mr. Van Winkle's summary judgment motion.

The standards for summary judgment are set forth in the court's prior orders first granting (docket #68), then denying (docket #114) Mr. Van Winkle's motion. While the Prison Litigation Reform Act requires inmates to exhaust available administrative remedies before bringing suit under 42 U.S.C. § 1983, the failure to do so is an affirmative defense on which the defendant bears the burden

4

of proof at trial. Conyers v. Abitz, 416 F.3d 580, 584 (7th Cir. 2005).

Mr. Van Winkle supported his summary judgment motion with the affidavit of Amy Clark, an administrative assistant at the prison where Mr. Jordan and Mr. Van Winkle came into contact. Ms. Clark explained that a 5-step prison grievance system was then in place, and the process must begin within 48 hours of the incident being grieved. She reported that Mr. Jordan filed a "Step One grievance" on August 2, 2003, complaining of an incident that occurred on June 28, 2003. That grievance was denied as too late, and Mr. Jordan didn't complete the 5-step process. Ms. Clark's affidavit included the August 2 grievance.

In response to the summary judgment motion, Mr. Jordan argued that: he wasn't provided with a Step 1 grievance form within 48 hours of the June 28 incident; he asked for a grievance form from the incident until he received one on August 1, 2003, and he submitted that form on August 3, in as timely a manner as the facility had allowed. Mr. Jordan cites his own grievances and Ms. Clark's deposition as evidentiary support for these propositions.

Federal Rule of Civil Procedure 56(e) requires summary judgment decisions to be based on matters that would be admissible in evidence. Mr. Jordan's unsworn grievances are not admissible to prove the truth of the statements contained in those grievances, when Mr. Jordan offers them — they are out of court statements offered to prove the truth of the matters asserted. FED. R. EVID. 801(c), 802. Mr. Jordan argues that the grievance forms are regularly kept records of the prison or the department of correction, and so are admissible to prove the

5

truth of the matters asserted in the grievance forms. *See* FED. R. EVID. 803(6). The business records exception does not reach so far. Although the prison system plainly keeps grievances forms received from inmates in the regular course of business, the portion filled out by the inmate is neither made nor reported by a person with a business duty to do so. See, e.g., Ricciardi v. Children's Hosp. Med. Center, 811 F.2d 18, 22 (1st Cir. 1987).

Ms. Clark's deposition testimony that things could have happened as described in Mr. Jordan's brief does not satisfy Mr. Jordan's burden of pointing to evidence sufficient to create a genuine issue of material fact. Mr. Jordan's summary judgment burden is lessened by the allocation to Mr. Van Winkle of the burden of proof at trial, but that a fact might be true is no proof that it is true. *See* Heft v. Moore, 351 F.3d 278, 284 (7th Cir. 2003) (affirmative evidence is required to overcome a Fed. R. Civ. P. 50 motion, not just argument that the jury might disbelieve the witnesses).

In the end, then, there is no admissible evidence that Mr. Jordan requested a grievance form within days or hours of the incident with Mr. Van Winkle. Without such evidence, there is no triable fact as to whether Mr. Jordan reasonably exhausted administrative remedies that were available to him. Why there should be such a dearth of evidence is unclear if the facts posited in Mr. Jordan's brief are accurate: the record contains no reason to think Mr. Jordan incapable of giving an affidavit, and his deposition has been taken. *See* DeLoach v. Infinity Broadcasting, 164 F.3d 398, 402 (7th Cir. 1999) ("a situation in which

6

evidence, if it exists, should be easy to obtain, DeLoach has failed to produce anything from which one could infer . . ..")). Nonetheless, there is no genuine issue of material fact. The evidence that Mr. Jordan did not exhaust his administrative remedies is uncontroverted.

For the foregoing reasons, the court GRANTS the motion to reconsider (docket #118), GRANTS the defendant's summary judgment motion (docket #58), VACATES the scheduled trial and final pretrial conference, and DENIES AS MOOT the plaintiff's emergency motion for extension of time to file pretrial materials (docket #125). The clerk shall enter judgment for the defendant.

SO ORDERED.

ENTERED:   October 6, 2006

/s/ Robert L. Miller, Jr.
Robert L. Miller, Jr., Chief Judge
United States District Court